UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARGARET ZEIGLER-FRITH,

    Petitioner,

v.                                          Civil Action No. 3:09CV166

BARBARA J. WHEELER,

    Respondent.

## MEMORANDUM OPINION

Margaret Zeigler-Frith, a former Virginia inmate proceeding *pro se*, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on grounds that the Petitioner failed to exhaust her available state court remedies. Because Petitioner is required to exhaust all state remedies before filing a federal habeas petition, the Petition will be DISMISSED WITHOUT PREJUDICE.

### I. Background

On October 31, 2007, Petitioner pled guilty in Rockbridge County Circuit Court ("Circuit Court") to possession of a controlled substance. (Pet. 2.) Petitioner was sentenced to two years in the penitentiary, of which one year, seven months, and nineteen days were suspended. On August 4, 2008, the Circuit Court found Petitioner to be in violation of her probation, and revoked the suspended sentence of one year, seven months and nineteen days, and re-suspended that time conditioned upon her successful completion of the Bethany Hall[1] program. (Respt.'s Br. 2.) When the Petitioner failed to complete the Bethany Hall program, the court revoked her

---

[1] Bethany Hall is a recovery home for women with alcohol or drug-related problems.

suspended sentence and re-suspended all but one year of the sentence, leaving her to serve a one-year active term as of August 21, 2008. (Pet. 2.)

Petitioner alleges the following claims, repeated *verbatim*, but with capitalization corrected:

One: I was sexually assaulted by my [attorney], Robert Armstrong. . . .

Two: I have suffered "cruel and unusual punishment," therefore, my 8th Amendment, Constitutional Rights have been violated. . . .

Three: I was not protected through the "Due Process" clause of the 14th Amendment, thus my Constitutional Rights were violated. . . .

Four: Ineffective assistance of counsel. Armstrong did not defend me effectively due to my refusal to do him sexual favors. . . .

Five: Diminished capacity of my mental state due to the sexual assaults I endured for months, while pregnant. . . .

(Pet. 5-6.) Petitioner did not present any of these claims to a state court.

## II. Analysis

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The United States Court of Appeals for the Fourth Circuit has admonished that, "[u]ntil the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." *Durkin v. Davis*, 538 F.2d

1037, 1041 (4th Cir. 1976) (internal quotation marks omitted). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Petitioner failed to bring the current petition before the state courts and has shown no reason why she could not do so. Accordingly, Petitioner has not exhausted her state remedies. Petitioner may still file a petition for a writ of habeas corpus in state court raising her present claims for habeas corpus relief.

### III. Conclusion

Petitioner's claims must be exhausted in the state courts before they can be considered by a federal court. The Court shall DISMISS the Petition without prejudice for lack of exhaustion. Petitioner may refile here in a timely manner after she has exhausted her state court remedies.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: July 7, 2009